**Larwuson MULBAH, Plaintiff–Appellant,**

v.

**DETROIT BOARD OF EDUCATION. Alsce Johnson, Daisey C. Marshall,Marvin Weingarden, Emeral Crosby, Deidra Wells–Smith, and Irene Norde, in their individual and official capacities, Defendants–Appellees.**

**No. 03–1237.**

United States Court of Appeals, Sixth Circuit.

May 13, 2004.

---

Larwuson Mulbah, Ypsilanti, MI, pro se.

Lamont D. Satchel, Office of General Counsel, Detroit, MI, for Defendants–Appellees.

Before GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

## OPINION

GILMAN, Circuit Judge.

Larwuson Mulbah, a native of Liberia, was a tenured high school mathematics

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

teacher employed by the Detroit Board of Education. From 1994 to 1996, Mulbah was evaluated a total of twelve times by four different evaluators. Mulbah's teaching performance was rated as "unsatisfactory" eleven times and "needs improvement" once. Based on these evaluations, the principal of the high school where Mulbah taught filed charges with the State Tenure Commission in April of 1996, alleging that Mulbah's teaching performance was unsatisfactory and proposing that Mulbah be terminated.

An Administrative Law Judge (ALJ) designated by the Commission held a four-day hearing on the matter. The four evaluators and two high school principals testified on behalf of the Board. Based upon the entire record, the ALJ concluded that Mulbah's teaching performance was unsatisfactory, that he did not have sufficient knowledge of mathematics to teach the subject, and that he could not effectively impart knowledge to his students. The ALJ therefore granted the Board's request to terminate Mulbah. On appeal, the Commission adopted the findings of the ALJ and confirmed that the Board had proven by a preponderance of the evidence that Mulbah was incompetent.

Mulbah's defense was based in part upon the contention that the four evaluators and the two principals had conspired to have him fired. This allegation was addressed by the ALJ, who found that Mulbah failed to establish the existence of a conspiracy to rate his teaching "unsatisfactory." The Commission agreed.

Mulbah then filed the present lawsuit against the Board, the evaluators, and the principals. alleging various forms of discrimination and conspiracy to interfere with his civil rights in violation of Title VII of the Civil Rights Act of 1964, as well as 42 U.S.C. §§ 1981, 1983 and 1985. He also alleged violations of Michigan's Elliot–Larsen Civil Rights Act (ELCRA) and presented a state-law claim of tortious interference with contractual relations.

After several procedural delays, which are discussed in a prior decision of this court, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir.2001), the district court held a hearing on the Board's and the individual defendants' motion for summary judgment. The district court granted the motion on behalf of all defendants on January 16, 2003.

 Having reviewed the record, the applicable law, and the parties' briefs, we are persuaded that the district court did not err in its judgment. The district court properly concluded that Mulbah could not sue the individual defendants under ELCRA because only the employer is subject to liability under that statute. Likewise, the court correctly determined that Mulbah's ELCRA retaliation claim against the Board must fail because Mulbah did not engage in any protected activity. The district court also appropriately dismissed Mulbah's state-law claim against the individual defendants for tortious interference with contractual relations because, as employees of the Board, the evaluators and the principals are not considered "third parties" who could have interfered with Mulbah's employment contract with the Board.

 Regarding Mulbah's federal claims, the district court properly disposed of Mulbah's § 1985 conspiracy claim because that section does not impose liability where the only allegations are that an entity conspired with its own employees. The district court also correctly concluded that the Commission's determination that Mulbah was "incompetent" collaterally estopped him from establishing that he was "qualified" as a mathematics teacher for the purposes of making out a prima facie

case of discrimination under federal law and ELCRA. Mulbah's discrimination claims, therefore, were appropriately dismissed.

The district court's opinion carefully and correctly sets out the law governing the issues raised above, and clearly articulates the reasons underlying its decision in far greater detail. We thus conclude that the issuance of a more comprehensive opinion by this court would serve no useful purpose. We therefore **AFFIRM** the grant of summary judgment on the basis of the district court's well-reasoned opinion.